# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RONNA VINSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. CIV-20-720-R |
| | ) |
| **STANDARD LIFE AND CASUALTY** | ) |
| **INSURANCE COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

Before the Court is the Motion to Compel (Doc. No. 41) filed by Plaintiff, Ronna Vinson. Defendant Standard Life and Casualty Insurance Company ("Standard") responded to the motion, objecting thereto but stating that it intends to produce certain "coverage data screen" notes. (Doc. No. 55) Plaintiff filed a Reply in support of her position. (Doc. No. 57). Upon consideration of the parties' submissions, the Court finds as follows.

Plaintiff filed this motion seeking the production of certain digital notes referenced by Defendant's corporate representative in her March 5, 2021 deposition. Plaintiff believes that its request for production, wherein it sought the entire claim file, encompassed these notes, which were described by the corporate representative as notes she wrote "in the policy."

> So when you open the policy in the system there would be notes regarding a phone call or, you know, I ordered medical records on this day or, you know, that kind of activity, and I don't believe I included those notes. I didn't believe them to be relevant.

Doc. No. 41-1, p. 1. She testified it was not part of the claim file, but that if a request for the notes was made it was something she could produce. Defendant contends Plaintiff never submitted a follow-up request and that her current motion is untimely in light of the September 1, 2021 discovery cutoff.[1] However, Defendant states it will produce the "coverage data screen" notes that are responsive to Plaintiff's inquiry.

It is clear to the Court that Defendant, through counsel, was aware of Plaintiff's desire to obtain Ms. Piercey's policy notes. The issue in this case is whether Defendant properly rescinded coverage and Ms. Piercey is the individual at Standard who made that decision. Her actions taken with regard to the file are clearly relevant even if she did not consider her policy notes to be part of the claim file. "Discovery plays an important role in our adversarial system: full development of the facts surrounding a matter furthers 'the purpose discovery is intended to serve -- advancing the quest for truth.'" *Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.*, Nos. CIV 02-1146-JB/LFG and 03-1185-JB/LFG, 2007 WL 1306560, at *2 (D.N.M. Mar. 12, 2007)(quoting *Taylor v. Illinois*, 484 U.S. 400, 430 (1988)). The Court finds no legitimate basis for withholding any of the policy notes and Defendant is ordered to produce all such notes to Plaintiff within five days of entry of this Order.[2]

---

[1] Plaintiff's motion was filed on September 1. It is unclear to the Court why Plaintiff did not act on its desire to obtain the policy notes earlier. Ms. Piercey's deposition was conducted on March 5, 2021, and Plaintiff sent a March 17, 2021, letter requesting the notes. (Doc. No. 57-1). The five-month delay in filing the motion to compel is not explained, nor is it readily apparent that the parties met and conferred on this issue as required by Local Civil Rule 37.1. Despite no obvious meet and confer, it is apparent that counsel have addressed the issue and are unable to agree, and therefore, in light of the rapidly approaching trial setting, the Court will consider the merits of the motion.

[2] Defendant argues the motion to compel is moot in light of its agreement to make production of certain notes. The Court enters this Order to ensure that all policy notes from the policy at issue herein are produced.

Plaintiff's Motion to Compel is GRANTED.

**IT IS SO ORDERED** this 24th day of September 2021.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE